IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DAVID LEWIS,                                        Case No. 6:18-cv-02028-AA
                                                    **OPINION AND ORDER**
          Plaintiff,

     vs.

BAY AREA HEALTH DISTRICT,
dba Bay Area Hospital,

          Defendant.

_____

AIKEN, District Judge:

     In this Section 1983 action, plaintiff David Lewis alleges that he suffered first amendment retaliation by defendant Bay Area Hospital ("BAH"). Plaintiff also alleges that defendant violated his Fifth and Fourteenth Amendment rights under the U.S. Constitution. Now before the Court are defendant's motion to dismiss for failure to state a claim. Doc. 31

     Plaintiff has not filed a response to the motion. Following the filing of the motion, plaintiff's counsel withdrew from this case. The Court entered a stay to

enable plaintiff to either locate new counsel or file a response *pro se*. Doc. 34. However, plaintiff did not file a response to the motion or otherwise respond to the Court's previous order. Defendant has now filed a reply renewing its previous motion to dismiss and moving in the alternative for dismissal pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Doc. 34. For the following reasons, the motion to dismiss is granted.

## BACKGROUND

Plaintiff's complaint arises from a medical mix-up occurring in January 2018 during which he alleges that confidential patient information was compromised, and plaintiff's medication was sent to another patient. Following this event, plaintiff apparently served a tort claim notice on defendant in February of 2018, and plaintiff utilized online forums to express his frustration with defendant's alleged mishandling of his medical information and his lack of access to his medication. Thereafter, he claims to have experienced retaliation by the defendant and its agents for his online expressions of frustration and the tort claim notice.

According to plaintiff's amended complaint, the alleged retaliation included a decision by hospital administrators to insert information about his legal claims into his medical record, failure to act on his claims of breach of privacy, failure to comply with informed patient consent standards outlined in Or. Rev. Stat. § 677.097, substandard treatment resulting from employee hostility linked to the administrator's decision to include legal information in his medical record, and an excessive amount of waiting time during an emergency room visit in January 2019.

Plaintiff filed this action on November 23, 2018. On January 22, 2020, the Court granted plaintiff leave to file an amended complaint. Doc. 27. Plaintiff filed the amended complaint on January 22, 2020. Defendant then filed the present motion to dismiss. Doc. 31.

## LEGAL STANDARD

I.      *Fed. Rule Civ. P. 12(b)(6)*

A motion to dismiss under 12(b)(6) attacks the sufficiency of a plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A plaintiff's material factual assertions are accepted as true, for the purposes of the motion, and those facts must be construed in the light most favorable to the plaintiff. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). Although this liberal standard applies to the facts contained in a complaint, it does not extend to the legal results of those facts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When determining whether the plaintiff is entitled to the relief requested, and therefore has stated a claim on which relief may be granted, a court must ask if plaintiff has "stat[ed] a claim to relief which is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must be able to reasonably infer that misconduct has been alleged, and that the defendant is liable for that misconduct, for a complaint to survive a Rule 12(b)(6) motion. *Committe v. Miller Nash Graham & Dunn, LLP*, 2020 WL 410189, at * 2 (D. Or. Jan. 23, 2020) (citing *Iqbal*, 556 U.S. at 678).

However, a *pro se* plaintiff is entitled to leniency in a Rule 12(b)(6) analysis. *Id*. *Pro se* plaintiffs should be afforded the benefit of any doubt and their complaints should not be dismissed with prejudice except where prior notice and warning has been afforded. *Id*. This policy applies because *pro se* litigants cannot be held to the same stringent standards of artfulness as lawyers, especially where threading the needle between possibility, plausibility, and probability is at issue. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

II.     *Failure to Prosecute*

A defendant may move at any time to dismiss an action for a plaintiff's failure to prosecute or comply with a court order. Fed. R. Civ. P. 41(b). Granting a Rule 41(b) motion is within the district court's discretion and may only be done after weighing five factors. *Steger v. Peters*, 2018 WL 3430671, at *3 (D. Or. July 16, 2018) (quoting *Al-Torki v. Kaempen*, 78 F.3d 1381, 1385 (9th Cir. 1996). The balancing test weighs "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzalet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Effectively, the first and last factor always weigh on opposite sides of the scale; it is expeditious to dismiss a case that is not being prosecuted, but a dismissal under 41(b) is not an adjudication on the merits even though it operates as such. *MacFarlane v. Oregon Dep't of Human Servs.*, 2018 WL 1702961 at *3 (D. Or. Mar. 14, 2018). Not all the factors need to

favor dismissal, but the factors that do must weigh more heavily in correspondence to the number of factors that weigh for the plaintiff. *See Pagtalunan*, 291 F.3d at 643.

## DISCUSSION

I.    *Failure to State a Claim Under Section 1983*

In order to make out a claim under Section 1983, plaintiff is required to at least show that (1) the defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. *Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015); *see West v. Atkins*, 487 U.S. 42, 48 (1988). Since plaintiff's cause of action is a 1983 claim alleging that the defendant municipal corporation retaliated against plaintiff for exercising his First Amendment rights, the complaint must contain enough factual allegations to plausibly support both prongs. *See Iqbal*, 556 U.S. at 678. First, the Court notes that there is no dispute that defendant is an entity acting under color of state law for the purposes of Section 1983.

Construed liberally, plaintiff's amended complaint asserts a conspiracy by the administrators of a municipal corporation to punish him for exercising his First Amendment Rights. Plaintiff is not alleging that nurses and doctors employed by defendant committed a constitutional tort. Although not a model of artful pleading, this allegation rebuts defendant's argument that it is not responsible because *respondeat superior* is inapplicable to Section 1983 causes of action. *See* Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 691 (1978).

Rather, plaintiff is alleging that policymakers for defendant established a retaliatory policy that would deliberately result in a deprivation of plaintiff's federal

rights. *See Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997). On this theory, all the subsequent allegations of retaliation are set against a background policy ratifying and encouraging a systemic attempt to punish plaintiff for expressing dissatisfaction with his treatment. *See City of St. Lewis v. Praprotnik*, 485 U.S. 112, 122 (1988); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Were these allegations plausible, they would state a claim on which relief could be granted.

However, defendant's motion is unopposed and advances the meritorious argument that plaintiff has not sufficiently alleged that the enumerated instances of supposed retaliation were in pursuit of the alleged official conspiracy to punish him for exercising his First Amendment Rights. *See Todd v. Oregon Dep't of Corr.*, 2017 WL 2888577, at *1 (D. Or. June 16, 2017) (a "plaintiff's failure to respond should be viewed as a concession of defendant's motion"). Further, the Court "need not accept as true a legal conclusion presented as a factual allegation." *Iqbal*, 556 U.S. at 678. Therefore, even if defendant had inserted information about plaintiff's February 2018 complaints in his medical record, it does not follow that every adverse interaction plaintiff has had with hospital staff was in furtherance of a constitutional tort. As it stands, plaintiffs complaint fails to allege a 1983 claim for relief that is plausible on its face.

The complaint is therefore dismissed with leave to amend as amendment may not be entirely futile. *See Blanchard v. Fremont Investment & Loan*, 2019 WL 14535777, at *3 (W.D. Wash. Apr. 2, 2019) (dismissing without leave to amend because amendment could not cure the defects in the complaint); *Hitt v. Douglas Cty.*,

Or., 2018 WL 6683012, at *2 (D. Or. Dec. 18, 2018) (dismissing but granting leave to amend). In redrafting his complaint, plaintiff is urged to bear in mind the elements of a Section 1983 action and instructed to include enough information to enable the defendant to diligently research the merits of the plaintiff's claim.

Finally, the Court also grants defendant's motion to strike plaintiff's claim for punitive damages. The Supreme Court has made it clear that punitive damages are not available against municipalities. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("[A] municipality is immune from punitive damages under 42 U.S.C. § 1983.").

II.    *Dismiss for Failure to Prosecute*

Plaintiff's response to the instant motion to dismiss was due on March 6, 2020, but the withdrawal of his counsel prompted this Court to stay that deadline for 30 days.  On March 18, plaintiff was advised that a failure to file a status report or respond to defendant's motion by April 17, 2020, would result in the stay being lifted, and the court taking defendant's motion under advisement.

The Court must undertake a balancing test to determine whether dismissal for the independent ground of failure to prosecute or comply with a court order is warranted at this stage. *See In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).  The balancing test weighs "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of

less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642.

First, the public's interest in expeditious resolution of this case suggests that the Court should dismiss. Delay in reaching the merits results whenever litigants miss filing deadlines and gives rise to further delay. *PPA*, 460 F.3d at 1227. The delay at issue here has stretched on for nearly an entire year. *See Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) (no abuse of discretion to dismiss after only 4 weeks of delay). Here, this factor weighs heavily in favor of dismissal.

Second, this Court has a compelling need to move forward with cases that are being actively prosecuted, and not waste its resources on a case where one of the litigants has vanished. *PPA* 460 F.3d at 1227 (discussing the discretion inherent in a district court to manage its docket). Here, plaintiff has missed two filing deadlines. Plaintiff has, apparently, informed the defendant of his intention to pursue his legal claims, but has not do the same for the Court. Doc. 39 - 1 at 2. The second factor therefore also weighs in favor of dismissal.

In a Section 1983 case, the recollections of individual actors are essential to the merits of the case, and delay in reaching those merits prejudices both parties. *See PPA* 460 F.3d at 1228*; Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Any delay results in a presumption of prejudice. *In re* Eisen, 31 F.3d 1447, 1452–53 (9th Cir. 1994). That presumption is rebuttable, but here plaintiff has not rebutted the presumption or participated in the case since his attorney withdrew on March 18, 2020. *Anderson*, 542 F.2d 524**.** Defendants are also prejudiced by the time

Page 8 – OPINION AND ORDER

and expense of continued diligent involvement in a lawsuit. *Pagtalunan*, 291 F.3d at 642. Accordingly, this factor also weighs in favor of dismissal.

Fourth, outright dismissal is too drastic of a remedy where a *pro se* plaintiff has only missed two filing deadlines. The Court can dismiss without prejudice, but this Court's previous order did not inform plaintiff of the risk of dismissal for his failure to prosecute as yet. All the Court has done is warn plaintiff that it would take defendant's motion under advisement. Dismissal would therefore be premature, and this factor must weigh against dismissal as a sanction. *Johnson v. U.S. Dep't of the Treasury*, 939 F.2d 820, 825–26 (9th Cir. 1991) (reversing district court for imposing dismissal without prior warning).

Fifth, the public policy favoring resolution on the merits always weighs against disposing of cases on procedural motions such as this one. *Pagtalunan*, 291 F.3d at 643; *PPA* 460 F.3d at 1228. It is true that where a plaintiff has failed to prosecute their claims their own actions can tilt the fifth factor against them. *See In re* Exxon Valdez, 102 F.3d 429, 433 (9th Cir. 1996). However, it is not clear that plaintiff is avoiding answering interrogatories and filings for the purpose of being vexatious. Therefore, this factor weighs against dismissal as a sanction, for now.

On balance, three factors weigh in favor of dismissal, but the fourth and fifth factors tilt the scale against dismissal as a sanction. *Pagtalunan*, 291 F.3d at 643 (holding that, on a 41(b) motion, it is within the district court's discretion to decide whether to dismiss when the balance is close). Dismissal, especially with prejudice, is too harsh of a sanction to impose at this time. *Brown v. Rawson-Neal Psychiatric*

*Hospital*, 840 F.3d 1146, 1151 (9th Cir. 2016) (Graber, J., dissenting) (arguing that absent an ultimatum a district court abuses its discretion by dismissing with prejudice). However, time is not on plaintiff's side. Each delay adds to the weight of the first three factors and may ultimately turn the fifth factor against the plaintiff.

Although the Court declines to dismiss under 41(b) at this time, the plaintiff is hereby notified that a failure to submit a status report or a responsive pleading within 21 days of this order will result in involuntary dismissal of his case without prejudice.

## CONCLUSION

Plaintiff has not stated a Section 1983 claim that is plausible on its face, and therefore the defendant's motion to dismiss for failure to state a claim (Doc. 31) is GRANTED.  Plaintiff is granted leave to file an amended complaint within 21 days of this order.

The Court denies defendant's Rule 41(b) motion, while at the same time notifying plaintiff that failure to respond to this order may lead to the dismissal of this case.

IT IS SO ORDERED.

Dated this <u>10th</u> day of February 2021.


_____ /s/Ann Aiken _____

Ann Aiken
United States District Judge